**Bruce C. BENNETT Plaintiff,**

v.

**COUNTY OF SUFFOLK and the Suffolk County Police Department, Defendants.**

No. CV 96–5759 (ADS).

United States District Court, E.D. New York.

Dec. 24, 1998.

Boothby & Yingst, Washington, DC (Lee Boothby, of counsel), for Plaintiff.

Robert J. Cimino, Suffolk County Attorney, Hauppauge, NY (Theodore D. Sklar, Assistant County Attorney, for counsel), for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On November 27, 1996, Bruce C. Bennett (the "plaintiff") filed a complaint against the County of Suffolk and the Suffolk County Police Department (the "defendants") alleging violations of Title VII of the Civil Rights Act of 1964 based on employment discrimination, 42 U.S.C. § 1983 based on the deprivation of rights, privileges, and immunities secured by the First Amendment to the United States Constitution as applied to the States by the Fourteenth Amendment, and the Religious Freedom Restoration Act of 1993. Presently before the Court is the motion by the plaintiff seeking summary judgment on their Title VII and First Amendment claims. In addition, the defendants move the Court for an Order granting summary judgment dismissing the complaint in its entirety.

## I. BACKGROUND

The facts set forth are taken from the plaintiff's Rule 56.1 statement and the defendants' 56.1 counter statement and are uncontested unless otherwise noted. In April, 1995 the County of Suffolk, acting through its Department of Health Services, entered into an agreement with Catherine L. Flanagan, Ph.D., ABFP ("Dr. Flanagan"), doing business as Forensic Psychological Services.

Under the terms of the agreement, Dr. Flanagan was to provide the County "with psychological screening of candidates for police officer and other peace and law enforcement personnel, as more particularly described in the county's June, 1994, Request for Proposals and the August 15, 1994, Proposal of Consultant." Under the terms of the August 15, 1994 Proposal of Consultant Dr. Flanagan, it was disclosed that the Minnesota Multiphasic Personality Inventory–2 ("MMPI–2") and the California Psychological Inventory ("CPI") would be administered for psychological screening of Suffolk County applicants for all "armed positions" in law enforcement including such positions as police officers, auxiliary police coordinator, and harbor master.

In the summer of 1995, the plaintiff applied for and passed a written civil service examination for the position of police officer with the Suffolk County Police Department. He was then evaluated for his psychological capability for employment by Dr. Flanagan for the position of police officer and auxiliary police officer. It is disputed whether the plaintiff was evaluated by "the County of Suffolk" or by Dr. Flanagan, acting as an independent contractor.

Part of the evaluation included the taking of the MMPI–2, the CPI, and answering a Background Information Questionnaire. The MMPI–2 called for "true" or "false" answers to the following statements:

A.   Evil Spirits possess me at times.

B. My soul sometimes leaves my body.

C. I believe in a life hereafter.

D. I believe my sins are unpardonable.

E. I deserve severe punishment for my sins.

F. I have never seen a vision.

G. My thoughts these days turn more and more to death and the life hereafter.

H. The man should be the head of the family.

The CPI asked for "true" or "false" answers to the following statements:

A. I feel sure that there is only one true religion.

B. I have no patience with people who believe there is only one true religion.

C. I have never seen a vision.

On September 22, 1995, the Suffolk County Department of Health Services, Office of the Employee Medical Review, declared that the plaintiff was not qualified for the position of police officer and auxiliary police officer. The plaintiff claims that the questions cited above and contained in both the MMPI–2 and the CPI are of a religious nature and are not necessary to evaluate an applicant for a law enforcement position. In addition, the plaintiff claims that as a result of his answers to these religious questions he was denied a position with the Suffolk County Police Department and was thus discriminated against on the basis of his religious beliefs in violation of the First Amendment and Title VII.

On the other hand, the defendants contend that the questions posed to the plaintiff were of a non-religious nature and were not intended to be used as a means of discriminating against individuals based upon their religion. In addition, the defendants' contend that the plaintiff failed to adduce any evidence that any of his answers to any of the questions on the MMPI–2 and the CPI played a role in the decision finding him not qualified.

## II. DISCUSSION

### A. Summary Judgment: the Standard

A district court may grant summary judgment only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact, *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996), and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Vann v. City of New York*, 72 F.3d 1040 (2d Cir.1995). The party seeking summary judgment has the burden of showing that no genuine factual dispute exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 128 (2d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir.1991). Thus, "the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Insurance Co.*, 46 F.3d 196, 202 (2d Cir.1995) (citations omitted). Also, the District Court is charged with the function of "issue finding," not "issue resolution." *Gallo v. Prudential Residential Servs., Ltd., Partnership*, 22 F.3d 1219, 1224 (2d Cir.1994).

### B. The Court's Analysis

As it concerns both motions for summary judgment, the Court finds that material issues of fact exist so that the Court is unable to grant summary judgment to either party as a matter of law. The Court notes that the entire dispute between the parties centers on whether the defendants' intentionally discriminated against the plaintiff when he gave

certain answers to the MMPI–2 and CPI tests. This determination is clearly factually loaded. In addition, at this time, the Court cannot rule that the questions on the MMPI–2 and CPI at issue are *per se* unconstitutional as a matter of law. Whether the questions have a rational and legitimate basis for determining the qualifications of a potential Suffolk County Police Officer is contested by the respective experts.

Accordingly, it is hereby

**ORDERED,** that the plaintiff's motion for partial summary judgment is **DENIED;** and it is further

**ORDERED,** that the defendant's motion for summary judgment is **DENIED;** and it is further

**ORDERED,** that as previously directed, the parties are to appear on January 4, 1999 at 9:00 AM for jury selection.

**SO ORDERED.**